IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT of ARKANSAS
FORT SMITH DIVISION

GERALD PATTERSON                                                                                    PETITIONER

V                                              NO. 2:19-cv-02011-PKH

JOHNSON COUNTY DETENTION CENTER                                          RESPONDENT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petition (Doc. 1) and Amended Petition (Doc. 4) filed under 28 U.S.C. Section 2254. The Petitioner also filed a Motion for Leave to Proceed IFP (Doc. 5).[1] The Petitioner contends that he has been denied a speedy trial (Doc. 4, p. 5) and that he has been incarcerated for seventeen months without going to trial. The Petitioner is asking that the charges against him be dismissed. Id. P. 15.[2]

**I. Background**

According to the records of the Johnson County Circuit Clerk the Petitioner was arrested September 1, 2017 on the charge of Theft of Property (36CR-17-263). An Attorney, Mr. Sam Eastman, was appointed to represent the accused and ultimately put the court on notice that he was contending his client was unfit to proceed and that he intended to rely on the defense of mental disease or defect pursuant to Ark. Code Ann. Section 5-2-305. On December 14, 2017

---

[1] The Petitioner was granted IFP status in case 2:19-cv-02014 on January 31, 2019.
[2] While the Petitioner has filed this action under 28 U.S.C. Sec. 2254 it will be treated as being filed un Sec. 2241.

Orders were entered by the Circuit Judge to have the Petitioner examined for fitness to proceed and for criminal responsibility. On February 16, 2018 an Order was entered by the Circuit Court finding the Petitioner unfit to proceed and committing him to the Department of Human Services for detention, care and treatment. According to the Department of Human Services the Petitioner was ultimately found fit to proceed and the court directed DHS to conduct the evaluation of criminal responsibility. On January 14, 2019 DHS filed a request for extension. The Petitioner's criminal case remains pending in the Circuit Court of Johnson County.

## II. Discussion

The Arkansas Rules of Criminal Procedure provide in part that "Any defendant charged with an offense and incarcerated in prison in this state pursuant to conviction of another offense shall be entitled to have the charge dismissed with an absolute bar to prosecution if not brought to trial within twelve (12) months from the time provided in Rule 28.2, excluding only such periods of necessary delay as are authorized in Rule 28.3". See Ark. R. Crim. P. 28.1

The rules also provide that "The period of delay resulting from other proceedings concerning the defendant, including but not limited to an examination and hearing on the competency of the defendant and the period during which he is incompetent to stand trial, hearings on pretrial motions, interlocutory appeals, and trials of other charges against the defendant. No pretrial motion shall be held under advisement for more than thirty (30) days, and the period of time in excess of thirty (30) days during which any such motion is held under advisement shall not be considered an excluded period." See Ark. R. Crim. P. 28.3

The Supreme Court explained in *Williams v. Taylor* that, to obtain federal habeas relief, a petitioner must first demonstrate that the state-court adjudication resulted in a decision that (1) "was contrary to … clearly established Federal law, as determined by the Supreme Court of

the United States," or  (2) "involved an unreasonable application of … clearly established Federal law, as determined by the Supreme Court of the United States." *See Williams v. Taylor* 529 U.S. 362, 412-13, 120 S. Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

It is well established that "[t]o be eligible for federal habeas corpus relief, a state prisoner must first exhaust his state law remedies and fairly present the facts and substance of his habeas claim to the state court." *Carney v. Fabian*, 487 F.3d 1094, 1096 (8th Cir.2007)  (quoting *Middleton v. Roper*, 455 F.3d 838, 855 (8th Cir.2006)); see also *Baldwin*, 541 U.S. at 29. This requires that the factual and legal bases for the federal habeas claim be presented to the state courts before the federal habeas court may consider the merits of the claim. *King v. Kemna*, 266 F.3d 816, 821–22 (8th Cir.2001) ( quoting *Flieger v. Delo*, 16 F.3d 878, 884–85 (8th Cir.1994))

It is clear in this case that multiple periods of excluded time exist in the Petitioner's case and the Petitioner has not shown any evidence that the speedy trial issue has been presented to the state court.  A "petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of the opportunity to address those claims in the first instance." *Clay v. Norris*, 485 F.3d 1037, 1039 (8th Cir.2007) (*citing Coleman v.. Thompson*, 501 U.S. 722, 732 (1991)).

### III.  Conclusion

Based upon the forgoing I recommend that the Motion to Proceed IFP be **GRANTED** AND the instant motion, filed under 28 U.S.C. §2254 be **DISSMISSED WITHOUT PREJUDICE.**

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file**

**timely written objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**


                                                                                           */s/ J. Marschewski*
                                                                                           James R. Marschewski
                                                                                           United States Magistrate Judge